**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENGHIZ K. STEWART, | No. 15-16160 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02723-GMS-JZB |
| v. | |
| JOSEPH M. ARPAIO, Sheriff at Maricopa County Sheriff's Office; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Arizona state prisoner Jenghiz K. Stewart appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims

related to the deprivation of legal materials in a county jail.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we affirm.

The district court properly dismissed Stewart's access-to-courts claim because Stewart failed to allege facts sufficient to show that he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 348-49, 352-53 (1996) (an access-to-courts claim requires a plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim).

The district court properly dismissed Stewart's First Amendment retaliation claim because Stewart failed to allege facts sufficient to state a plausible claim for relief.  *See Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (elements of retaliation claim in a correctional context); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

We reject as without merit Stewart's contention that the district court improperly denied his motion to compel the release and forwarding of his legal property.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-16160